UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DARNEL POWELL BEY,

          Plaintiff,

  - against -

SHANICE JONES; JOHN DOE(S); and JANE DOE(S),

          Defendants.
----------------------------------------------------------------------X

**ORDER TO SHOW CAUSE**
19-CV-2577 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

      On April 30, 2019, plaintiff Darnel Powell Bey filed this action *pro se* against defendants Shanice Jones, John Doe(s), and Jane Doe(s). On the same day, Powell Bey filed a request for an order to show cause, seeking a preliminary injunction and temporary restraining order directing defendants to "immediately vacate" his real property, and to pay him a "monetary judgement [sic] for back rental payments in the amount of $22,900." The Court grants Powell Bey's request to proceed *in forma pauperis* solely for the purpose of this Order. For the reasons set forth below, Powell Bey's complaint does not sufficiently establish subject-matter jurisdiction. Absent subject-matter jurisdiction, the Court cannot rule on his request for injunctive relief.

      Powell Bey is hereby ordered to show cause in writing by May 20, 2019, why this action should not be dismissed for lack of subject-matter jurisdiction. If Powell-Bey fails to show cause in writing by May 20, 2019, this action will be subject to dismissal.

## BACKGROUND

      Powell Bey, domiciled in Queens County, New York, entered into a contract with defendant Shanice Jones to rent his real property located at 9 Bruno Lane in Dix Hills, New York. (Compl. (Doc. No. 1) at 7, 60–63.)[1] Powell Bey alleges that Jones breached this contract

---

[1] The Court utilizes the pages numbers assigned by the Electronic Case Filing ("ECF") system.

by failing to pay rent since August 2018, and failing to pay for a damaged surveillance camera system, as well as a damaged fence on the property's front yard. (*Id.* at 5.) He further alleges that he cannot sell the property because Jones refused to let a potential investor inside the house on the property. (*Id.* at 5.) Powell Bey seeks damages, including back rent; payment for the alleged damage to the fence and camera system; and the loss of down payment from the potential investor. (*Id.* at 6.)

## STANDARD OF REVIEW

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotations omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Further,

"subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630 (2002). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal quotation marks omitted) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Here, Powell Bey invokes both diversity and federal question jurisdiction, yet he fails to show that the Court has either type of jurisdiction over the instant case. (Compl. at 4.) None of the federal statutes cited by Powell Bey give rise to federal question jurisdiction. First, he cannot bring an action for a violation of 18 U.S.C. § 247, as private citizens cannot enforce criminal statutes, and Section 247 does not expressly provide for a private right of action. *See Levai v. Law*, 235 F. App'x 684, 685 (9th Cir. 2007) (Section 247 "provide[s] no basis for civil liability."); *Powers v. Karen*, 768 F. Supp. 46, 51 (E.D.N.Y. 1991) (Plaintiff's reliance on criminal statutes that do not provide for a private right of action was "misplaced."); *Wilson-Johnson v. Walker*, No. 18-CV-1076, 2018 WL 1641223, at *2 (E.D. Pa. Apr. 4, 2018) (Criminal statutes, including Section 247, "do not provide a basis for civil liability."). Second, 41 U.S.C. § 6503, by its terms, applies only "in case of breach or violation of a representation or stipulation included in a contract under Section 6503" – a section which specifies contract terms to be included in United States agency contracts. *See* 41 U.S.C. § 6502.

While Powell Bey also references the United States Constitution, the facts alleged in the complaint suggest only state law claims. The Court lacks federal question jurisdiction over Powell Bey's state law claims in this landlord-tenant matter. "[I]t is well-settled that the landlord-tenant relationship is fundamentally a matter of state law." *Kheyn v. City of New York*,

Nos. 10-CV-3233–34 (SLT), 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) (citing cases); *see also Cain v. Rambert,* No. 13-CV-5807 (MKB), 2014 WL 2440596, at *3 (E.D.N.Y May 30, 2014) (federal courts lack jurisdiction over landlord-tenant claims); *McMillan v. Dep't of Bldgs.*, No. 12-CV-318 (ENV), 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) (federal court lacks jurisdiction over eviction proceedings); *Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-CV-2764 (NGG), 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citations omitted) (finding no subject-matter jurisdiction over claims arising from plaintiff's disputes with his landlord and an eviction proceeding). Nothing in the U.S. Constitution, the Treaty of Peace and Friendship, the Articles of Confederation, or the Declaration of Independence provides a basis for the Court's jurisdiction over this state law landlord-tenant matter.

As for diversity jurisdiction, under Section 1332(a), federal courts have subject-matter jurisdiction over state law claims where the plaintiff and defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, an individual's citizenship is based on his domicile. *See Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id*. (internal quotation marks omitted) (citation omitted). For a federal court to exercise subject-matter jurisdiction based on diversity, there must be complete diversity of citizenship between the plaintiff and the defendant. *See Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117–18 (2d Cir. 2014) (Section 1332 "requires 'complete diversity,' i.e., all plaintiffs must be citizens of states diverse from those of all defendants." (citation omitted)); *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). "[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. §

1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (internal quotation marks omitted) (citations omitted). "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotations marks omitted) (citation omitted).

In the complaint, Powell Bey alleges that he and the defendants reside in New York, (Compl. at 1–2, 7), and that he is a citizen of Morocco, (*id.* at 4). For purposes of diversity jurisdiction, a statement of residence is insufficient to establish citizenship, which depends on domicile. *See Courtyard Apartments Prop. 1, LLC v. Rosenblum*, No. 17-CV-2909 (DRH) (SIL), 2018 WL 1611386, at *2 (E.D.N.Y. Apr. 3, 2018) (internal quotation marks omitted) (citations omitted). Further, Powell Bey provides no proof of his Moroccan citizenship; rather he attaches documents to the complaint indicating that he is Moorish-American, not Moroccan. (*See e.g.*, Affidavit of Fact at 7; Identification Card at 15.) If Powell Bey is in fact a Moorish-American domiciled in New York, he is precluded from bringing a suit under the guise of diversity jurisdiction against defendants also domiciled in New York. *See Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (summary order) (diversity jurisdiction precluded where both plaintiff and defendant lived in New York); *Allah El v. Avesta Homes, LLC*, 520 F. App'x 806, 809 (11th Cir. 2013) (rejecting claim that status as a Moor renders a party diverse from others residing in the same state); *Bey v. United States Legislature*, No. 17-CV-7569 (CM), 2017 WL 6611052, at *2 (S.D.N.Y. Oct. 25, 2017) (Plaintiff's "purported status as a . . . 'Moorish-American' does not create diversity jurisdiction where all parties are domiciled in the same state."); *Bey v. Supreme Ct. of N.Y.*, No. 13-CV-1270 (ENV), 2013 WL 2304101, at *2 (E.D.N.Y. May 24, 2013) (citing cases); *Jackson-El v. State & Fed. Plaintiffs in Gen.*, No. 11-

CV-278, 2011 WL 1584606, at *1 (W.D. Mich. Apr. 26, 2011) (characterizing Moorish-American's claim of non-United States citizenship as "delusional").

Powell Bey must provide evidence of his Moroccan citizenship if he wishes to establish diversity jurisdiction on this basis. Since the complaint contains insufficient factual allegations from which Powell Bey's citizenship may reasonably be determined at this time, he has not met his burden of showing that the grounds for diversity jurisdiction exist or that diversity is complete at this time. *See* Fed. R. Civ. P. 12(h)(3). Without subject-matter jurisdiction over this case, the Court cannot rule on Powell Bey's request for injunctive relief.

## **CONCLUSION**

Accordingly, Powell Bey is hereby, ORDERED TO SHOW CAUSE, on or before May 20, 2019, why this action should not be dismissed for lack of subject-matter jurisdiction. If Powell-Bey fails to show cause in writing by May 20, 2019, this action will be subject to dismissal.

The Clerk of Court is respectfully directed to send a copy of this Order to Show Cause to Powell Bey by overnight mail, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       May 7, 2019

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge